UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BURAK BAGKESICI,<br><br>      Plaintiff,<br><br>  vs.<br><br>ABF FREIGHT, and<br>DONALD J. CODDINGTON<br><br>      Defendant | CIVIL DIVISION<br><br>No.:   3:23-cv-89<br><br>**COMPLAINT**<br>**IN CIVIL ACTION**<br><br>Filed on Behalf of:<br>Plaintiff<br><br>Counsel of Record for this Party:<br><br>Shaheen Z. Wallace, Esquire<br>PA I.D.#319893<br>THE LAW OFFICE OF SHAHEEN WALLACE, ESQ., LLC<br>5850 Ellsworth Avenue, Ste. 230<br>Pittsburgh, PA 15232<br><br>(412) 345-1164<br>szw@wallaceinjury.com |

**NOTICE TO DEFEND**

TO: Defendants

You are hereby notified to file a written response to the enclosed **Complaint in Civil Action** within Twenty (20) days from the date of service hereof or a judgment may be entered against you

By:__ */s/ Shaheen Wallace*_____
    Shaheen Z. Wallace

**JURY TRIAL DEMANDED**

1

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BURAK BAGKESICI, | CIVIL DIVISION |
| Plaintiff, | No.: 3:23-CV-89 |
| vs. | |
| ABF FREIGHT, and DONALD J. CODDINGTON | |

COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Burak Bagkesici by and through his attorney, Shaheen Wallace, Esquire and The Law Office of Shaheen Wallace, and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, alleging as follows:

## THE PARTIES

1. Plaintiff Burak Bagkesici (hereinafter "Plaintiff"), is an adult individual, residing at 21 Crescent Beach Road, Glen Cove, NY 11542.

2. Donald J. Coddington (hereinafter "Defendant Coddington") is an adult individual, residing at 2121 Baltimore Pike, Gettysburg, PA 17325.

3. ABF Freight Systems (hereinafter "Defendant ABF Freight") is a corporation with a corporate headquarters located at 1117 East Grand Boulevard, Oklahoma City, OK 73129.

## JURISDICTION VENfUE

4. This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S. Code §1332(a)(1) as the parties are of diverse jurisdiction and the matter in controversy exceeds $75,000.

2

## NATURE OF THIS ACTION

5. This is an action brought under 28 USC § 1332(a)(1).

6. Defendant Coddington caused a motor vehicle collision with an out of state driver resulting in serious and permanent injuries.

7. At the stated time and place, Plaintiff was lawfully operating a 2022 Hyundai Elantra, proceeding westbound in the left-hand lane on I-76 near mile marker 128.5 in Somerset County.

8. At the same time, Defendant Coddington was operating an 18-wheeler proceeding in the same direction in the middle lane.

9. For unknown reasons, Defendant Coddington came over into the Plaintiff's lane.

10. As Defendant Coddington entered the left lane, the trailing unit of Defendant Coddington's truck struck the Plaintiff's vehicle, causing serious broadside damage.

11. When the Plaintiff was able to regain control of his vehicle, he managed to pull over. His care was rendered undrivable and was towed from the scene.

12. Defendant Coddington continued driving for some distance before he was pulled over.

13. Defendant Coddington stated that he was unaware that he struck a car and believed he only hit a piece of metal.

14. As a result of the collision, Plaintiff sustained serious and permanent injuries to his neck, shoulder and spine, among other things.

## CAUSE OF ACTION

### COUNT I – NEGLIGENCE (Donald J. Coddington)

15. Paragraphs 1 through 14 are incorporated here by reference as though set

forth fully.

16. Defendant had a duty to act as a reasonable Coddington would have under the same or similar circumstances.

17. Defendant breached that duty by the following:

    a. In causing the collision with Plaintiff's vehicle;

    b. In operating his vehicle at a rate of speed excessive under the circumstances;

    c. In failing to maintain a proper lookout;

    d. In failing to have his vehicle under proper control;

    e. In failing to stop or turn aside before colliding with Plaintiff's vehicles;

    f. In making an improper and/or careless turn;

    g. In failing to stop at the posted traffic signal;

    h. In colliding with Plaintiff's vehicle;

    i. In operating his vehicle in a manner which was in violation of the motor vehicle laws of the Commonwealth of Pennsylvania; and

    j. In operating his vehicle in a manner which was in violation of the any applicable safety standards set forth by his employer

18. As a result of the collision complained of, Plaintiff sustained serious and permanent injuries.

19. As a result of the collision complained of and the resultant physical injuries, for which Defendant is liable, Plaintiff has sustained the following damages:

    a. Physical pain and suffering;

    b. Loss of enjoyment of life's pleasures;

    c. Mental anguish and distress;

        d.       Lost wages;

        e.       Medical bills not paid by insurance.

WHEREFORE, the Plaintiff, Burak Bagkesici, demands judgment against the Defendant, ABF Freight Systems for:

        a.  Actual and compensatory damages;

        b.  Emotional distress;

        c.  Lost wages;

        d.  Punitive damages; and

        e.  Such other and further relief as the Court shall deem just and proper.

### **COUNT II – Negligence (Defendant ABF Freight)**

20.    Paragraphs 1 through 19 are hereby incorporated by reference as though set forth fully.

21.    Defendant ABF Freight had a duty to Plaintiff to act reasonably.

22.    Defendant ABF Freight breached that duty.

23.    As a direct and proximate cause of the negligence of Defendant ABF Freight, Plaintiff suffers from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses and future medical expenses.

24.    All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant ABF Freight and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or an opportunity for Plaintiff, to avoid the accident.

WHEREFORE, the Plaintiff, Burak Bagkesici, demands judgment against the Defendant, ABF Freight Systems for:

  f. Actual and compensatory damages;

  g. Emotional distress;

  h. Lost wages;

  i. Punitive damages; and

  j. Such other and further relief as the Court shall deem just and proper.

## COUNT III – NEGLIGENT ENTRUSTMENT (ABF Freight)

25. Paragraphs 1 through 25 are hereby incorporated by reference as though set forth fully.

26. The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of the vehicle by Defendant Coddington in a negligent and reckless manner, which because of inexperience, and/ or prior actions, Defendant ABF Freight knew, or had reason to know, was likely and involved an unreasonable risk of harm to others while driving a truck.

27. Defendant ABF Freight, as the employer of Defendant Coddington, had the right to permit and the power to prohibit the use of this truck by Defendant Coddington.

28. Defendant ABF Freight knew, or had reason to know, that Defendant Coddington because of inexperience, and/ or prior actions, was likely to drive his truck in a negligent and reckless manner.

29. As a direct result of Defendant ABF Freight negligently entrusting Defendant Coddington, who operated said vehicle owned by Defendant ABF Freight in a negligent and reckless manner, the Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in Count I of this Complaint.

WHEREFORE, the Plaintiff, Burak Bagkesici, demands judgment against the Defendant, ABF Freight Systems for:

      k. Actual and compensatory damages;

      l. Emotional distress;

      m. Lost wages;

      n. Punitive damages; and

      o. Such other and further relief as the Court shall deem just and proper.

### COUNT IV – NEGLIGENT ENTRUSTMENT (ABF Freight)

30. Paragraphs 1 through 29 are hereby incorporated by reference as though set forth fully.

31. The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of the vehicle by Defendant Coddington in a negligent and reckless manner, which because of inexperience, and/or prior actions, Defendant ABF Freight knew, or had reason to know, was likely and involved an unreasonable risk of harm to others.

32. Defendant ABF Freight, as the owner of the truck driven by Defendant Coddington, has the right to permit and the power to prohibit the use of said vehicle by Defendant Coddington.

33. Defendant ABF Freight knew, or had reason to know, that Defendant Coddington because of inexperience, and/ or prior actions, was likely to drive his truck in a negligent and reckless manner.

34. As a direct result of Defendant ABF Freight negligently entrusting the vehicle to Defendant Coddington, who operated said vehicle in a negligent and reckless manner, the Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in Count I of this Complaint.

WHEREFORE, the Plaintiff, Burak Bagkesici, demands judgment against the Defendant, ABF Freight Systems for:

      p. Actual and compensatory damages;

      q. Emotional distress;

      r. Lost wages;

      s. Punitive damages; and

      t. Such other and further relief as the Court shall deem just and proper.

### COUNT V – NEGLIGENT HIRING AND RETENTION (ABF Freight)

35. Paragraphs 1 through 34 are hereby incorporated by reference as though set forth fully.

36. Defendant ABF Freight had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant ABF Freight owed such duty to Plaintiff and such duty was breached.

37. Defendant ABF Freight knew, or should have known, that Defendant Coddington would be likely to operate a motor vehicle in a negligent and reckless manner.

38. Defendant ABF Freight knew, or should have known, that Defendant Coddington was not competent or fit for the duties required of him as an employee. Defendant ABF Freight breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

39. As a result of Defendant ABF Freight's negligence in hiring and retaining Defendant Sandler, Plaintiff was injured as alleged.

WHEREFORE, the Plaintiff, Burak Bagkesici, demands judgment against the Defendant, ABF Freight Systems for:

  u. Actual and compensatory damages;

  v. Emotional distress;

  w. Lost wages;

  x. Punitive damages; and

  y. Such other and further relief as the Court shall deem just and proper.

### COUNT VI – AGENCY (Defendants ABF Freight)

40. Plaintiff hereby incorporates paragraphs 1 through 39 of this Complaint as if set forth fully herein.

41. The above-described acts of Defendant Coddington were committed while he was acting as an agent, servant, and or employee of Defendant ABF Freight.

42. The above-described acts of Defendant Coddington were committed within the scope of his agency and while furthering the business interests of Defendant ABF Freight.

43. As the principal for Defendant Coddington, Defendant ABF Freight is responsible for all of the acts committed by Defendant Coddington within the scope of his agency.

WHEREFORE, the Plaintiff, Burak Bagkesici, demands judgment against the Defendant, ABF Freight Systems for:

  z. Actual and compensatory damages;

  aa. Emotional distress;

  bb. Lost wages;

  cc. Punitive damages; and

  dd. Such other and further relief as the Court shall deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issue so triable.

Respectfully Submitted

<u>/s/ Shaheen Wallace.     4/29/2023</u>

Shaheen Wallace, Esquire
Attorney for the Plaintiff
The Law Office of Shaheen Wallace
5850 Ellsworth Ave, Suite 230
Pittsburgh, PA 15232
412-345-1164
szw@wallaceinjury.com